IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DOUGLAS COLLINS, §
TDCJ #298978, §
§
Plaintiff, §
§
v. § CIVIL ACTION NO. H-18-2940
§
WARDEN ROBERT HERRERA, §
§
Defendant. §

## MEMORANDUM OPINION AND ORDER

The plaintiff, Douglas Collins, has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), concerning the conditions of his confinement in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). He has also provided a Response to the Court['s] Order for More Definite Statement ("Plaintiff's MDS") (Docket Entry No. 9). Now pending is Defendant [Robert] Herrera's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Defendant's Motion") (Docket Entry No. 16), which was filed by the State Attorney General's Office. Collins has filed a Response to the Attorney General's Motion for Dismissal ("Plaintiff's Response") (Docket Entry No. 18). He has also filed several amended or supplemental complaints (Docket Entry Nos. 20, 21, 23, 24, 25), two motions for discovery (Docket Entry Nos. 26, 27), and a "Motion to Suspend Rule" (Docket Entry No. 28). After reviewing all of the pleadings, and the applicable law, the Defendant's Motion will be granted and this case will be dismissed for the reasons explained below.

## I. __Background__

Since 2015, Collins has been incarcerated at the Pack Unit in Navasota, Texas, where Warden Herrera is employed by TDCJ.[1] Collins alleges that environmental testing conducted in connection with a different lawsuit in the Southern District of Texas, <u>Cole v. Collier</u>, No. 4:14-cv-1698, disclosed elevated levels of arsenic in the water supply at the Pack Unit.[2] On June 21, 2016, the district court in <u>Cole</u> found that arsenic levels at the facility posed "a low, but measurable, increased risk of cancer," and entered a preliminary injunction, ordering then-Executive Director Brad Livingston and officials at the Pack Unit to provide water that conformed to the Environmental Protection Agency ("EPA") maximum contaminant level requirements for arsenic.[3]

---

[1]Complaint, Docket Entry No. 1, pp. 1, 3; Plaintiff's MDS, Docket Entry No. 9, p. 1. Collins was also briefly assigned to the Pack Unit in 2012, until his release from prison on some unspecified date in 2013. Plaintiff's MDS, Docket Entry No. 9, p. 1. For purposes of identification, all pagination refers to the page number imprinted by the court's electronic filing system, CM/ECF.

[2]Plaintiff's MDS, Docket Entry No. 9, pp. 1-2 (referencing Civil Action No. 4:14-cv-1698, which is the <u>Cole v. Collier</u> class action involving exposure of inmates with certain medical conditions to excessive heat in the summer).

[3]<u>See</u> Order for Preliminary Injunction in <u>Cole v. Collier</u>, Civil No. 4:14-cv-1698 (Docket Entry No. 477), p. 10, ¶ 29 & p. 15. At the time the injunction was entered, former Executive Director Brad Livingston was the lead defendant. After Livingston retired, current TDCJ Executive Director Bryan Collier was substituted as the lead defendant in the <u>Cole</u> case.

Although an upgraded water filtration system was installed to remedy the problem in 2017, Collins contends that conditions remain unsafe because no effort was made to replace the pipes or flush out the "build up of arsenic" in the pipes.[4] Collins contends that continued exposure to high levels of arsenic has caused sores all over his body, which health care providers have been unable to explain or diagnose.[5] Because arsenic is a carcinogen, Collins also fears that someday he may suffer from cancer.[6] Collins blames Warden Herrera, who is the only defendant remaining in this case,[7] for failing to replace all of the pipes at the Pack Unit.[8] Collins seeks $150,000.00 in compensatory damages for his exposure to unsafe conditions.[9]

Warden Herrera moves to dismiss Collins's claim for monetary damages against him in his official capacity, arguing that he is entitled to immunity as a state employee.[10] Herrera also argues that Collins fails to assert facts showing he is entitled to monetary damages under the Prison Litigation Reform Act (the

---

[4]Plaintiff's MDS, Docket Entry No. 9, pp. 1-2.

[5]Id. at 2.

[6]Id.

[7]See Order and Request for Answer, Docket Entry No. 11, pp. 1-4 (requesting an answer from Warden Herrera and dismissing all of the other defendants).

[8]Complaint, Docket Entry No. 1, p. 3.

[9]Id. at 4.

[10]Defendant's Motion, Docket Entry No. 16, p. 2.

"PLRA"), 42 U.S.C. § 1997e(e), and that he is entitled to qualified immunity from the claims against him in his individual or personal capacity.[11]

## II. **Standard of Review**

The defendant has filed a motion under Fed. R. Civ. P. 12(b)(1) to dismiss the plaintiff's claim for monetary damages against him in his official capacity for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted).

The defendant also moves to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that the plaintiff fails to otherwise state facts that would support a claim for monetary damages as a matter of law. Motions to dismiss under Rule 12(b)(6) are appropriate only where the plaintiff's complaint fails to state a claim upon which relief can be granted. Federal pleading rules require only "a short and plain statement of the claim" showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a). As the Supreme Court has emphasized, Rule 8 does not require "heightened fact pleading of specifics," Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1975 (2007), or "detailed factual allegations." Ashcroft v. Iqbal, 129

---

[11]Id. at 3-8.

S. Ct. 1937, 1949 (2009). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 127 S. Ct. at 1965). "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted). However, courts are not bound to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or legal conclusions couched as factual assertions. Iqbal, 129 S. Ct. at 1949; see Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011) ("[P]laintiffs must allege facts that support the elements of a cause of action in order to make out a valid claim") (citation omitted).

The plaintiff proceeds pro se in this case. Courts construe pleadings filed by pro se litigants under a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct.

594, 596 (1972) (per curiam); see also Erickson v. Pardus, 127 S.
Ct. 2197, 2200 (2007) ("A document filed pro se is 'to be liberally
construed[.]'") (quoting Estelle v. Gamble, 97 S. Ct. 285, 292
(1976)). Nevertheless, "pro se parties must still brief the issues
and reasonably comply with [federal procedural rules]." Grant v.
Cuellar, 59 F.3d 523, 524 (5th Cir. 1995)(citations omitted).

## III. Discussion

### A.  Eleventh Amendment Official Immunity

Warden Herrera contends that he is entitled to immunity under
the Eleventh Amendment from Collins's claim against him in his
official capacity as a state employee.[12]  Unless expressly waived,
the Eleventh Amendment bars an action in federal court by a citizen
of a state against his or her own state, including a state agency.
See Martinez v. Texas Dep't of Criminal Justice, 300 F.3d 567, 574
(5th Cir. 2002). As a state agency, TDCJ is immune from a suit for
money damages under the Eleventh Amendment.  See Talib v. Gilley,
138 F.3d 211, 213 (5th Cir. 1998).  The Eleventh Amendment also
bars a recovery of money damages under 42 U.S.C. § 1983 from state
employees in their official capacity.  See Oliver v. Scott, 276
F.3d 736, 742 (5th Cir. 2001); Aguilar v. Texas Dep't of Criminal
Justice, 160 F.3d 1052, 1054 (5th Cir. 1998).  The court will

---

[12]Defendant's Motion, Docket Entry No. 16, p. 2.

therefore grant the Defendant's Motion to dismiss Collins's request for monetary damages against him in his official capacity.[13]

## B. Physical Injury Requirement

Warden Herrera also moves to dismiss Collins's claim for monetary damages because he has not alleged facts showing that he suffered a physical injury as a result of the complained of conditions of his confinement.[14] The Prison Litigation Reform Act ("PLRA"), which governs this case, precludes a federal civil action by a prisoner for "mental or emotional injury" without a showing of physical injury. 42 U.S.C. § 1997e(e). The Fifth Circuit has held that this restriction "applies to all federal civil actions" filed by prisoners, "making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005).

To the extent that Collins fears that he may contract cancer in the future as the result of his exposure to arsenic, the Fifth

---

[13]There is a narrow exception to Eleventh Amendment immunity where claims for injunctive relief are concerned. See Aguilar, 160 F.3d at 1054 (citing Ex parte Young, 28 S. Ct. 441 (1980)). Although Collins appears to request injunctive relief in his proposed Amended Complaint, Docket Entry No. 20, p. 4, he does not demonstrate that this exception applies because he does not state sufficient facts showing that a constitutional violation has occurred or is ongoing for reasons detailed further below. See NiGen Biotech, LLC v. Paxton, 804 F.3d 389, 394-95 (5th Cir. 2015) (explaining that declaratory or injunctive relief under Ex parte Young requires a plaintiff to demonstrate an ongoing violation of federal law or unconstitutional conduct).

[14]Defendant's Motion, Docket Entry No. 16, pp. 3-5.

Circuit has concluded that psychological distress based on speculation that medical care may be necessary in the future due to exposure to a hazardous substance is not sufficient to satisfy the physical injury requirement found in the PLRA and will not support a prisoner's claim for compensatory damages. See Herman v. Holiday, 238 F.3d 660, 666 (5th Cir. 2001) (stating that "fear of contracting a future illness" as the result of exposure to asbestos, without an accompanying physical injury, was insufficient to allow a claim of compensatory damages under § 1997e(e)); see also Hawkins v. Trents Flying Svc., 45 F. App'x 325, 2002 WL 1899587, at *1 (5th Cir. 2002) (per curiam) (dismissing a complaint for monetary damages filed in connection with the aerial application of pesticides near the plaintiff's prison unit).

The only other injury that Collins identifies in his pleadings are the sores on his skin, which he claims are the result of his exposure to a build up of arsenic in the pipes at the Pack Unit.[15] Collins admits, however, that he has not received any medical diagnosis that arsenic is the cause of his sores.[16] Although Collins has provided a more definite statement of his claims and numerous amended or supplemental pleadings, none of these

---

[15]Plaintiff's MDS, Docket Entry No. 9, p. 2.

[16]Plaintiff's MDS, Docket Entry No. 9, pp. 2-3; Plaintiff's Response, Docket Entry No. 18, pp. 1-2 (noting that he has been seen by medical providers with the University of Texas Medical Branch, who have been unable to diagnose his skin condition).

submissions contain facts establishing that his skin condition is the result of exposure to arsenic or any failure on the part of prison officials to replace the pipes at the Pack Unit following the installation of an upgraded water filtration system in 2017. For example, in a grievance submitted as an exhibit to one of his supplemental complaints Collins blames his skin condition on high levels of calcium in the water supply.[17] Likewise, in support of an amended complaint Collins provides an unsworn affidavit from another prisoner at the Pack Unit, who states that he has been tested for "scabies" and treated with antibiotics for itchy sores similar to the ones described by Collins, but he makes no mention of a diagnosis that attributes his condition to arsenic.[18] Another supplemental complaint provided by Collins reflects that he continues to receive medical care for a rash from the Dermatology Clinic at the University of Texas Medical Branch ("UTMB") Hospital in Galveston, but there has been no diagnosis linking his skin condition to lingering amounts of arsenic in the pipes at the Pack Unit facility.[19] In Cole the court found that the levels of arsenic

---

[17]Step 1 Grievance #2019056853, Docket Entry No. 21-1 p.1.

[18]Affidavit of Charles Lee Williams (TDCJ #757877), Docket Entry No. 20, at 7.

[19]Supplemental Complaint, Docket Entry No. 25, p. 4. Collins was told by a physician's assistant that his skin condition could have come from being bitten by "a bug." Id. Collins presents evidence showing that on April 4, 2019, he was prescribed the corticosteroid "Triamcinolone Acetonide Cream" to be applied twice
(continued...)

-9-

in the Pack Unit's water supply were "low enough that scientists would not expect them to cause any non-cancerous health effects."[20] The district court noted, moreover, that there was "no evidence in the record that the water at the Pack Unit poses a health risk if used for showering."[21]

After considering all of his submissions, the court concludes that Collins has not alleged sufficient facts, either in his Complaint, his more definite statement, or any of his proposed amended or supplemental pleadings, showing that he has suffered a physical injury as the result of any failure on the part of Pack Unit officials to replace the water pipes. Therefore, Collins's claim for compensatory damages is precluded by § 1997e(e).

## C.    Qualified Immunity

Warden Herrera also moves to dismiss the claim for monetary damages against him in his individual or personal capacity.[22] He argues that he is entitled to qualified immunity from suit because Collins has not alleged facts establishing that he acted with the

---

[19] (...continued)
daily for 30 days to treat his skin. Id. at 7. This refutes any suggestion by Collins that he has been denied medical care for his condition.

[20] See Order for Preliminary Injunction in Cole v. Collier, Civil No. 4:14-cv-1698 (Docket Entry No. 477), p. 10, ¶ 28.

[21] Id. at ¶ 31.

[22] Defendant's Motion, Docket Entry No. 16, pp. 5-8.

requisite deliberate indifference to demonstrate a violation of the Eighth Amendment.[23]

Public officials acting within the scope of their authority generally are shielded from civil liability by the doctrine of qualified immunity. See Harlow v. Fitzgerald, 102 S. Ct. 2727, 2738 (1982). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 106 S. Ct. 1092, 1096 (1986). A plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) (citation omitted).

Collins has not demonstrated that Warden Herrera violated his constitutional rights. Collins's claims concerning the conditions of his confinement are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment, i.e., the "unnecessary and wanton infliction of pain." Wilson v. Seiter, 111 S. Ct. 2321, 2323 (1991) (quoting Estelle v. Gamble, 97 S. Ct. 285, 291 (1976)). The Eighth Amendment prohibits the use of excessive physical force by correctional officers and also imposes certain duties on prison officials, "who must provide humane conditions of confinement[.]" Farmer v. Brennan, 114 S. Ct. 1970, 1976 (1994).

---

[23]Id.

Specifically, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates[.]" Id. (internal quotation marks and citations omitted).

The Supreme Court has recognized, however, that prison conditions may be "restrictive and even harsh" without violating the Eighth Amendment, Rhodes v. Chapman, 101 S. Ct. 2392, 2399 (1981), noting that "the Constitution does not mandate comfortable prisons[.]" Id. at 2400. To demonstrate a violation of the Eighth Amendment where conditions of confinement are concerned, a prisoner must demonstrate that his confinement resulted in a deprivation that was "objectively, sufficiently serious," such that it resulted in the denial of "the minimal civilized measure of life's necessities." Farmer, 114 S. Ct. at 1977 (quoting Rhodes, 101 S. Ct. 2399). See, e.g., Palmer v. Johnson, 193 F.3d 346, 354 (5th Cir. 1999) (finding that conditions violated the Eighth Amendment where inmates were herded into a small outdoor space, deprived of protection from excessive cold and wind, and provided no sanitary means of disposing of their waste).

If a sufficiently serious deprivation is shown, a plaintiff must then show that prison officials acted with "deliberate indifference" to the effect this deprivation would have on his health and safety. Farmer, 114 S. Ct. at 1977 (citations omitted). "Deliberate indifference is an extremely high standard to meet."

Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 114 S. Ct. at 1979. A prison official acts with the requisite deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 1984.

Collins has not established that he has been exposed to a sufficiently serious condition that poses a substantial risk of harm or that Warden Herrera knew of, but consciously disregarded such a condition. Collins's unsupported assertion that water at the Pack Unit remains tainted by arsenic following installation of the upgraded filtration system is not sufficient to support a claim under the Eighth Amendment. See Walker v. Collier, Civil No. 6:17-166, 2019 WL 1421152, *8 (E.D. Tex. March 28, 2019) (rejecting a prisoner's Eighth Amendment claim based on no more than his personal belief that water at the prison was contaminated).

Likewise, as outlined above, Collins has not articulated facts showing that he has suffered a physical injury as the result of

Warden Herrera's alleged failure to replace the water pipes at the Pack Unit. A prisoner cannot state an Eighth Amendment claim if he does not demonstrate that he suffered some injury as a result of the alleged violation. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Because Collins has failed to state a claim upon which relief may be granted, he has not overcome Warden Herrera's entitlement to qualified immunity. Accordingly, Defendant's Motion will be granted and this case will be dismissed.

## D. Plaintiff's Motions

After Warden Herrera submitted his motion to dismiss Collins filed two motions for discovery seeking copies of evidence from the Cole case and records of medical tests that were conducted on him at a "free-world Hospital" on March 26, 2019, and at the Pack Unit on April 5, 2019.[24] He also filed a separate "Motion to Suspend Rule," which seeks copies of unspecified letters that Collins reportedly filed with the district court in the Cole lawsuit.[25] Collins does not demonstrate, however, what the requested items would show or how any of the requested information would substantiate his claims.

---

[24]Motion for Discovery, Docket Entry No. 26, p. 2; Motion for Discovery, Docket Entry No. 27, p. 3.

[25]Motion to Suspend Rule, Docket Entry No. 28, pp. 1-2.

-14-

Collins has also submitted an "Amended Complaint" against Warden Herrera,[26] and he has filed four other pleadings, each one labeled as a "Supplemental Complaint."[27] Collins did not seek leave of court before filing these proposed pleadings. In the court's Order Granting Motion to Proceed In Forma Pauperis, the court specifically informed Collins that "[n]o amendments or supplements to the complaint will be filed without prior approval" and that any unauthorized amendment or supplement would be stricken and not considered.[28]

None of Collins's motions or proposed amended and supplemental complaints contain a certificate of service showing that he has provided a copy to Warden Herrera's counsel of record in compliance with Fed. R. Civ. P. 5(a). The court specifically advised Collins that he was required to include a certificate of service for every pleading, motion, or other document submitted to the court, showing that he had provided a copy of his submissions to the defendant's counsel.[29]

Although a pro se litigant's filings are entitled to a liberal construction, pro se parties are still required to "abide by the

_____

[26]Amended Complaint, Docket Entry No. 20, pp. 1-12.

[27]See Docket Entry Nos. 20, 21, 23, 24, 25.

[28]Order Granting Motion to Proceed In Forma Pauperis, Docket Entry No. 4, pp. 2-3, ¶ 6.

[29]Order to Answer, Docket Entry No. 11, pp. 3-4, ¶ 7.

rules that govern the federal courts." <u>Frazier v. Wells Fargo Bank,</u>
<u>N.A.</u>, 541 F. App'x 419, 421 (5th Cir. 2013) (per curiam) (citation
and internal quotation marks omitted). The Fifth Circuit has
emphasized that "[p]ro se litigants must properly plead sufficient
facts that, when liberally construed, state a plausible claim to
relief, serve defendants, obey discovery orders, present summary
judgment evidence, file a notice of appeal, and brief arguments on
appeal." <u>E.E.O.C. v. Simbaki, Ltd.</u>, 767 F.3d 475, 484 (5th Cir.
2014) (footnotes omitted). Because Collins has disregarded the
court's clear instructions and the rules of procedure, his motions
and his amended or supplemental pleadings will be stricken from the
record.[30] Alternatively, his motions for discovery and his implicit
requests for leave to amend or supplement will be denied.

## IV. Conclusion

Based on the foregoing, the court **ORDERS** as follows:

1.  Defendant Robert Herrera's Motion to Dismiss (Docket
    Entry No. 16) is **GRANTED,** and this civil action will be
    **dismissed with prejudice.**

---

[30]In an abundance of caution, the court has considered all of
the proposed amended and supplemental complaints submitted by
Collins in this case (Docket Entry Nos. 20, 21, 23, 24, 25). Even
if Collins had properly requested leave to amend or supplement, the
court would have denied the request as futile because none of the
proposed submissions correct the deficiencies described in
Defendant's Motion. See Marucci Sports, LLC v. National Collegiate
Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014); see also
Stipling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000)
(holding that leave to amend may be denied as futile if the
proposed amendment would fail to state a claim upon which relief
could be granted).

2.    All of the plaintiff's motions (Docket Entry Nos. 26, 27, 28) and his proposed amended and supplemental complaints (Docket Entry Nos. 20, 21, 23, 24, 25) are **STRICKEN** from the record for failure to comply with court orders and the rules of procedure.

3.    Alternatively, all of the plaintiff's motions (Docket Entry Nos. 26, 27, 28) and his implicit requests for leave to file amended or supplemental complaints (Docket Entry Nos. 20, 21, 23, 24, 25) are **DENIED.**

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 20th day of May, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE